# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2011

No. 10-40598
Summary Calendar

Lyle W. Cayce
Clerk

DEWIGHT VAUGHN MCBRIDE, SR.,

Plaintiff-Appellant,

versus

BUCHANAN VIRGIN; OWEN MURRAY; WARDEN RUPERT;
DOCTOR GRAY WRIGHT; UNKNOWN SCHAFER;
DOCTOR JACK THOMPSON,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-519

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40598

Proceeding *pro se* and *in forma pauperis* ("IFP"), Dewight Vaughn McBride, Sr., Texas prisoner # 1337667, filed a 42 U.S.C. § 1983 complaint contending that the defendants were negligent in failing to treat him properly for diarrhea.  After reviewing medical records and a *Martinez* report submitted by the Texas Attorney General's Office, the district court dismissed for failure state a claim and as frivolous.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

McBride's appellate brief consists of two pages.  His argument section had only one sentence: "This Court has a duty to insure that prisoners are properly cared for as the standards of constitutional magnitude dictates."  McBride does not challenge the magistrate judge's lengthy reasons for concluding that he failed to allege an Eighth Amendment deliberate-indifference claim and that Dr. Murray and Warden Rupert were not liable as supervisors or that the retaliation claim against Dr. Wright was frivolous.

Where an appellant fails to identify any error in the district court's analysis, it is the same as if he had not appealed.  *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Although *pro se* briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must brief arguments to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  McBride has abandoned any challenge to the judgment.  *See Brinkmann,* 813 F.2d at 748.

Because the appeal is without arguable merit and is frivolous, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), it is DISMISSED.  *See* 5TH CIR. R. 42.2.  This dismissal counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal.  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution McBride that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).